AT THE

## GENERAL AND SPECIAL TERMS,

IN PROCEEDINGS UNDER THE

# MECHANICS' LIEN LAW,

PASSED JULY 11, 1851. (a)

---

### MICHAEL FOLEY *v.* ADDISON ALGER and another.

The mechanics' lien law of 1851 does not apply to extra work performed by a contractor or laborer, which is not in any manner covered nor provided for in the contract.

The statute secures a lien only to the extent of labor or materials performed or furnished in pursuance of a contract.

Under the decision of the Court of Appeals, a like limitation attended the operation of the acts of 1830 and 1844.

Where the contract, and the notices served in proceedings under this law, are put in evidence on the trial in one of the lower courts, the same should be annexed to the return sent to this court on appeal.

If not so annexed, the case will be remitted for a further return.

GENERAL TERM, NOVEMBER, 1855. (b)

Before INGRAHAM, FIRST J.; and DALY and WOODRUFF, JJ.

---

(a) See the "Act for the better security of mechanics and others, erecting buildings and furnishing materials therefor, in the city and county of New York." (Laws of 1851, chap. 513, p. 953.) Also, the amendatory law, passed April 13, 1855. (Laws of 1855, chap. 404, p. 760.) This volume, with the three preceding, comprises all cases of interest or importance, determined under the above statutes, to December term, 1858.

(b) Some decisions rendered under the mechanics' lien law were overlooked in the publication of preceding volumes.—REP.

THIS was an appeal, by the owner of a building, from a judgment entered against him in the Sixth District Court. The action was brought by a laborer to enforce a lien under the act of 1851, " for the better security of mechanics and others." The contractor, although joined with the owner as a party defendant, was called as a witness, and testified, that there was due to the plaintiff the sum of $700, for extra work and for a balance unpaid for labor performed in accordance with the contract.

The justice awarded judgment to the amount of $160. It did not appear, however, what proportion of this sum was due for work done pursuant to the contract, and what part thereof, if any, was for extra work.

The contract between the defendants, and certain notices and other papers relating to the claim and proceedings, were referred to in the testimony, but were not annexed to the return.

*Edwin R. Bogardus*, for the owner, (appellant).

*William R. Stafford*, for the claimant.

BY THE COURT. INGRAHAM, FIRST J.—The only point upon which there is any difficulty in sustaining this judgment is, as to the amount due upon the contract. The contractor, who was examined as a witness, says there were seven hundred dol-- lars due on the contract; but on the cross examination he says that the amount is made up of the balance due on the contract, and the amount due for extra work.

We have repeatedly held, that extra work, not in any manner provided for in the contract, is not included within the provisions of this statute, and the Court of Appeals have also so held in regard to the former statutes.

It nowhere appears in the case what the balance due on the contract was, and we have no means of saying whether the property of Gough was liable for the amount claimed or not.

In addition to this, the return is very improperly made up. All the exhibits referred to are not annexed to the return. The contract and notices which were in evidence, and which are material to a right understanding of it, are not to be found with it. If the originals are not left with the justice, the parties having them should furnish copies for the purpose of being annexed to the return.

The case should be sent back to the parties to enable the appellant to procure a further return.

Ordered accordingly.